Moyer, C.J.,
concurring.
{¶ 22} I concur because the majority correctly analyzes R.C. 2953.31, 2953.32, 2953.36, and 2953.61 and draws the proper conclusion that none of appellant’s convictions in this case may be expunged. Still, our path in this case is dimly lit by the existing statutory framework. No Ohio statute directly answers the question before us. For that reason, we have been required to fashion interstitial law, covering the gap between the existing law and the issue in this case by tugging at the edges of several closely related statutes. See S. Pacific Co. v. Jensen (1917), 244 U.S. 205, 221, 37 S.Ct. 524, 61 L.Ed. 1086 (Holmes, J., dissenting). But an opinion of this court is not the preferred method of lawmaking. At issue is the ability of a person to expunge the record of his past offenses. Such an issue is better resolved in the General Assembly. Therefore, I write separately to urge the General Assembly to address the issues posed in this case.
O’Connor, O’Donnell, and Lanzinger, JJ., concur in the foregoing opinion.